UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOSAIA HAVEA,<br><br>    Plaintiff,<br><br>    v.<br><br>C.R. ENGLAND,<br><br>    Defendant. | Case No. 25-cv-01406-DMR<br><br>**ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E), DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** |

Self-represented Plaintiff Sosaia Havea filed a Complaint ("Compl.") and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] The court granted the IFP application, but dismissed the Complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted. [Docket No. 16, "Screening Order."] Plaintiff has since filed a first amended complaint on June 16, 2025. [Docket No. 17, "FAC".] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 10, 14.]

Having reviewed the FAC pursuant to 28 U.S.C. § 1915(e), the court finds that it again fails to state a claim on which relief may be granted. Plaintiff was already given an opportunity to address the deficiencies identified in the Screening Order by filing a FAC, but as discussed below, the FAC remains deficient. This case is therefore dismissed without further leave to amend. Defendant C.R. England's motion to dismiss (Docket No. 18) is denied as moot.

In addition, on June 23, 2025, Plaintiff filed a notice of appeal (Docket No. 25) and motion for leave to proceed *in forma pauperis* (Docket No. 26, "IFP Motion"). For the reasons stated below, the court denies the IFP Motion and certifies that any appeal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

## I. DISCUSSION

### A. FAC Screening

Although the court previously granted Plaintiff's application to proceed *in forma pauperis*, the court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's § 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

The FAC states a single claim under 18 U.S.C. § 242. Section 242 is a "criminal statute[], and it is well-settled that 'a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.'" *L.R. v. Mueller*, No. 23-CV-03421-PHK, 2025 WL 1635505, at *2 (N.D. Cal. June 9, 2025) (quoting *Carey v. Torres*, No. 24-cv-09534-TSH, 2025 WL 277399, at

\*5 (N.D. Cal. Jan. 23, 2025); and collecting cases). "'Individuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office.'" *Id.* (quoting *Casey*, 2025 WL 277399, at \*5). Plaintiff therefore lacks standing to assert a claim under § 242, and the court dismisses the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

Although Plaintiff has had an opportunity to address the issues raised in the Screening Order, the FAC still fails to allege a basis for subject matter jurisdiction. For that reason, the dismissal is without leave to amend, and Defendant's motion to dismiss is denied as moot.

### B.     Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff also seeks to proceed *in forma pauperis* in her recently-filed appeal. "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: . . . the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]" Fed. R. App. P. 24(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "nonfrivolous." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's appeal is frivolous, as she identifies no appealable order or judgment. In her notice of appeal, Plaintiff lists the "[d]ate of judgment or order you are appealing" as "6/16/2025." [Docket No. 25 at 1.] The court did not issue any orders or judgments on June 16, 2025.[2] For the "[d]ocket entry of judgment or order you are appealing," she lists "3:25-cv-02860." *Id.* Plaintiff

---

[1] Because the court dismisses the FAC for lack of standing, it does not address whether Plaintiff's allegation regarding her mental state (FAC at 4) is sufficient to toll the statute of limitations. *See* Screening Order at 3 (noting that "the alleged incident took place in September 2017 and any legal claim based on the incident would likely be barred by the applicable statute of limitations.").

[2] Defendant filed its motion to dismiss on June 16, 2025. [Docket No. 18.] As stated above, the court denies that motion as moot and, in any event, Plaintiff cannot appeal a motion.

United States District Court
Northern District of California

also is not a party to, and the undersigned is not presiding over, case number "3:25-cv-02860"[3] pending in the Northern District of California. As Plaintiff's notice of appeal has "no arguable basis in fact or law," *O'Loughlin*, 920 F.2d at 617, her appeal is frivolous.

Furthermore, Plaintiff's Complaint and FAC attempted to assert constitutional and criminal claims that are indisputably unavailable to Plaintiff, a private citizen, and against Defendant, a private company. *See* § I(A), *supra*; Screening Order at 2-3 ("Havea sues Defendant C.R. England for violation of the '14th Amendment right to equal protection under the law.' . . . . Havea cannot assert a constitutional claim against Defendant because it is a private company."). Any appeal, therefore, would be frivolous and not in good faith.

## II. CONCLUSION

For the reasons above, the court orders the following:

1. The FAC fails to state a claim pursuant to 28 U.S.C. § 1915(e) and is dismissed without leave to amend.
2. Defendant's motion to dismiss is denied as moot.
3. Plaintiff's IFP Motion is denied.

The court further certifies that any *in forma pauperis* appeal taken from this order, or the Screening Order, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of Court shall close this action.

**IT IS SO ORDERED.**

Dated: June 24, 2025

_____
DONNA M. RYU
Chief Magistrate Judge

---

[3] *See Zajonc v. T-Mobile US, Inc.*, Case No. 25-cv-2860-JSC (N.D. Cal.)

4